IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOCK MCNEELY,

    Petitioner,           No. 2:12-cv-0931 EFB P

    vs.

KEVIN CHAPPELL,

    Respondent.        <u>ORDER</u>

                              /

       Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He previously consented to disposition of this case by a U.S. Magistrate Judge. He now wishes to withdraw that consent.

       On January 31, 2013, petitioner filed a form indicating his consent to the jurisdiction of a United States Magistrate Judge over all proceedings in this case. Dckt. No. 25. On March 11, 2013, respondent also consented to the jurisdiction of a United States Magistrate Judge over all proceedings in this case. Dckt. No. 28. However, on March 20, 2013, petitioner filed a notice with the court, stating that he "hereby gives notice of his express withdrawal of his [January 31, 2013], consent to jurisdiction of U.S. Magistrate Judge . . . ." Dckt. No. 29. He has not filed a motion to withdraw that consent. Nor has he addressed the standards applicable to such a motion. *See Dixon v. Ylst,* 990 F.2d 478, 479-80 (9th Cir., 1993) ( "Dixon did not file a motion

1

for leave to withdraw his consent, nor did he provide any reasons for the withdrawal."). Once a party has consented to magistrate judge jurisdiction in a civil case under 28 U.S.C. § 636(c) that jurisdiction may be withdrawn only "for good cause shown on its own motion, or under *extraordinary circumstances* shown by any party." 28 U.S.C. 636(c)(4) (emphasis added); *Dixon v. Ylst*, 990 F.2d at 480 (9th Cir. 1993) ("There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge."). The showing of "extraordinary circumstances" requirement is of particular relevance here, where petitioner is attempting to withdraw his consent after having received an adverse ruling.

The circumstances leading to the attempt by petitioner to withdraw his consent to magistrate judge jurisdiction is as follows. On January 2, 2013, petitioner requested the Clerk to change the docket to reflect that his habeas petition was filed pursuant to 28 U.S.C. § 2241, and not section 2254. Dckt. No. 19. Respondent filed an opposition to that request. Respondent argued that the petitioner had provided a false recitation of the facts surrounding his current custody. Dckt. No. 20. Respondent further argued that the present action should proceed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Id*. In response to the opposition, petitioner filed a motion for sanctions, arguing that respondent's opposition was frivolous, unreasonable, legally unsupportable, and made for an improper purpose. Dckt. No. 23. On January 31, 2013, petitioner filed his consent to the jurisdiction of a magistrate judge over all proceedings in his case. Dckt. No. 25. On February 27, 2013, the undersigned issued an order denying petitioner's motion for sanctions. Dckt. No. 26.

Shortly thereafter, on March 7, 2013, petitioner filed a motion for reconsideration, requesting a district judge reconsider the undersigned's order denying his motion for sanctions. Dckt. No. 27. On March 11, 2013, respondent consented to the jurisdiction of a United States Magistrate Judge over all proceedings in this case. Dckt. No. 28. On March 20, 2013, petitioner filed a notice with the court, stating the he "hereby gives notice of his express withdrawal of his [January 31, 2013], consent to jurisdiction of U.S. Magistrate Judge . . . ." Dckt. No. 29.

One obvious purpose for not permitting a party to withdraw consent to magistrate judge jurisdiction absent a showing of extraordinary circumstances is to preclude a party from using the statute to engage in forum shopping, particularly where the withdrawal attempt occurs after that party has received an adverse ruling on a motion. The timing of petitioner's attempt here strongly suggests such a motive. The court is mindful of petitioner's filing of objections and seeking district judge reconsideration of the order denying sanctions. That filing implies at least some intent by petitioner to withdraw his consent prior to the respondent's filing of his consent. But a filing attempting to withdraw consent to magistrate judge jurisdiction is not self-executing. *Dixon*, 990 F.2d at 480 ("no absolute right . . . to withdraw consent to trial. . . ."). Nor does it satisfy the requirements of *Dixon*, 990 F.2d at 480. Petitioner neither filed an appropriate motion clearly stating a request to withdraw his consent, and--more importantly--he did not make any showing of extraordinary circumstances to justify the withdrawal.

Given the sequence of events and the timing of petitioner's attempt to withdraw his consent, suggesting a change of heart after the denial of his request for sanctions, the requirement that petitioner file an appropriate motion demonstrating extraordinary circumstances must be enforced.

If petitioner wants to seek leave to withdraw his consent he shall, as *Dixon* requires, file a motion and demonstrate what extraordinary circumstances exist that justify the request. 990 F.2d 478, 479-80. Any such motion shall address why the withdrawal should be permitted after petitioner sustained an adverse ruling on his motion for sanctions.

SO ORDERED.

Dated: May 13, 2013.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3