IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOCK MCNEELY,

    Petitioner,                    No. 2:12-cv-0931-EFB P

    vs.

KEVIN CHAPPELL,

    Respondent.                <u>ORDER</u>

    Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On January 31, 2013, petitioner filed a notice of consent to the disposition of this case by a United States Magistrate Judge. ECF No. 25. Petitioner now moves to vacate the reference to a United States Magistrate Judge. ECF No. 31. Respondent opposes the motion. ECF No. 32. Petitioner filed a reply to the opposition, in which he requests sanctions be imposed against respondent. ECF No. 33.

**I.    Background**

    The circumstances leading to petitioner's attempt to withdraw his consent to a magistrate judge's jurisdiction are as follows. On January 2, 2013, petitioner requested the Clerk to change the docket to reflect that his habeas petition was filed pursuant to 28 U.S.C. § 2241, and not section 2254. ECF No. 19. Respondent filed an opposition to that request. Respondent argued

1

that petitioner had provided a false recitation of the facts surrounding his current custody. ECF No. 20. Respondent further argued that the present action should proceed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Id*. In response, petitioner filed a motion for sanctions, arguing that respondent's opposition was frivolous, unreasonable, legally unsupportable, and made for an improper purpose. ECF No. 23. On January 31, 2013, petitioner consented to the jurisdiction of a magistrate judge over all proceedings in his case. ECF No. 25. On February 27, 2013, the undersigned issued an order denying petitioner's motion for sanctions. ECF No. 26.

On March 7, 2013, petitioner filed a motion for reconsideration, requesting a district judge reconsider the undersigned's order denying his motion for sanctions. Shortly thereafter, on March 11, 2013, respondent consented to the jurisdiction of a United States Magistrate Judge over all proceedings in this case. ECF No. 28. On March 20, 2013, petitioner filed a notice with the court, stating that he "hereby gives notice of his express withdrawal of his [January 31, 2013], consent to jurisdiction of U.S. Magistrate Judge . . . ." ECF No. 29.

In an order issued on May 13, 2013, the court informed petitioner that a notice to withdraw consent is not self-executing. ECF No. 30. Petitioner was notified that if he wanted to seek leave to withdraw his consent, he must file an appropriate motion. *Id*. On June 7, 2013, petitioner filed a motion to vacate the reference to the United States Magistrate Judge. ECF No. 31. Respondent has filed an opposition to the motion. ECF No. 32. Petitioner filed a reply, in which he again requests sanctions be imposed against respondent. ECF No. 33.

**II.     Motion to Withdraw Consent**

Once a civil case is referred to a Magistrate Judge under 28 U.S.C. § 636(c), the reference can be withdrawn only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party." 28 U.S.C. § 636(c)(4); *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) ("There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge."). Petitioner argues that the reference to a

2

magistrate judge must be vacated because the undersigned is disqualified from presiding over this case. ECF No. 31. Petitioner contends that the undersigned "was disqualified to make the denial of sanctions, because the [undersigned's] partiality was compromised when he became a party to this proceeding." *Id*. (citations omitted). Petitioner cites to docket number 15 to support his position. Docket number 15 consists of a document entitled "Petition For Mandatory Writ of Mandamus," which petitioner filed with the United States Court of Appeals for the Ninth Circuit.[1] In that pleading, petitioner argues the merits of his habeas petition presently before this court and requests that the Ninth Circuit issue a writ of mandamus directing this court to order his immediate release. ECF No. 15 at 3-7, 10. The petition for Mandamus names the undersigned and the United States District Court for the Eastern District of California as respondents. *Id*. at 1-3.

The undersigned did not become a party to this matter upon petitioner naming the undersigned as a respondent in a document filed with the Ninth Circuit. The only parties to this action are petitioner Dock McNeely and respondent Kevin Chappell. Petitioner's contention to the contrary is mistaken.

The timing of petitioner's filings strongly suggests that the instant motion was filed to engage in forum shopping. Petitioner consented to the jurisdiction of a United States Magistrate Judge on January 31, 2013. On February 27, 2013, the undersigned denied petitioner's motion for sanctions. ECF No. 26. Shortly after receiving this adverse ruling, petitioner filed a motion for reconsideration and a notice of withdrawal of his consent to the jurisdiction of a magistrate judge. These filings, while insufficient to withdraw petitioner's consent, *see* ECF No. 30 at 3, evidence petitioner's intention to obtain a what he believes may be a more favorable forum for his claims. An obvious purpose of not permitting a party to withdraw consent to magistrate judge jurisdiction absent a showing of extraordinary circumstances is to preclude a party from

---

[1] The document was originally filed in this court on December 3, 2012. However, because the document was addressed to the Ninth Circuit, it was forwarded to that court.

engaging in forum shopping. This is particularly true where the withdrawal attempt occurs after that party has received an adverse ruling on a motion, as is the case here.

Petitioner has failed to demonstrate extraordinary circumstances justifying the withdrawal of his consent to the jurisdiction of a United States Magistrate Judge. Accordingly, petitioner's motion to vacate the reference to a magistrate judge is denied.

### III. Motion for Sanctions

Petitioner also moves for the imposition of sanctions against respondent on the ground that respondent committed a fraud upon the court. ECF No. 33; *see* Fed. R. Civ. P. 11(b) and (c). Petitioner claims that respondent fraudulently filed a document entitled "Opposition to Motion to Withdraw Consent to Magistrate Judge Jurisdiction" when petition never filed a motion with this title. While the document he filed with this court was not titled "Motion to Withdraw Consent to Magistrate Judge Jurisdiction," his motion, titled "Motion to Vacate the Reference to the Magistrate," did seek to withdraw his consent. Regardless of the titles given, the pleadings filed by both parties address the same issue: petitioner's attempt to withdraw his consent to the jurisdiction of a magistrate judge over all proceedings in his case. Petitioner's dispute over semantics does not provide a basis for sanctions. Accordingly, petitioner's motion for sanctions is denied.

### IV. Conclusion

Accordingly, it is hereby ORDERED that:

1. Petitioner's motion to vacate the reference to a United States Magistrate Judge, ECF No. 31, is denied; and

2. Petitioner's motion for sanctions, ECF No. 33, is denied.

Dated: August 5, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE