UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOCK McNEELY, | No. 2:12-cv-0931-EFB P |
| Petitioner, | |
| vs. | |
| KEVIN CHAPPELL, | |
| Respondent. | ORDER |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus.[1] He challenges a judgment of conviction entered against him on September 18, 2009 on charges of failing to register as a sex offender, based on a 1995 state court conviction for continuous sexual abuse of a child.[2] He seeks federal habeas relief on the grounds that his conviction and sentence violate the decision of the U.S. Court of Appeals for the Ninth Circuit in *McNeely v. Blanas*, 336 F.3d 822 (9th Cir. 2003), as well as the Double Jeopardy Clause. Upon careful consideration of the record and the applicable law, the court finds that the application for habeas corpus relief must be denied.

---

[1] The parties in this action have consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

[2] Petitioner has erroneously captioned his habeas petition as one brought pursuant to 28 U.S.C. § 2241. However, as petitioner is not a pretrial detainee but is challenging a state court conviction, his petition is properly brought under 28 U.S.C. § 2254 and is construed as such.

1

**I. Background**

The following procedural background relevant to the claims contained in the petition before this court was provided by the California Court of Appeal in its unpublished memorandum and opinion affirming petitioner's judgment of conviction on appeal:

> On March 25, 1994, defendant pleaded guilty to one count of continuous sexual abuse of a child. As a result, on August 25, 1995, he was placed on five years' probation. Also as a result of the conviction, he was required to register as a sex offender.
>
> Approximately every 30 days from September 15, 2006 through September 13, 2007, defendant registered as a sex offender at the Sacramento Sexual Assault Felony Enforcement (SAFE) Team office, stating he was a transient. During this time, defendant had a girlfriend, Lisa Brown, who lived in Elk Grove. Defendant told the neighbors he lived there and was not leaving. He spent multiple nights each week at her house, parked his car in her garage and stored his personal property there. In November of 2006, he rented a mailbox at a UPS store about a mile and a half from Brown's home. He used this mailbox address to apply for and receive an electronic benefits transfer (EBT) card for cash aid and food stamps. Throughout the year, the EBT card was used at various stores within a five-mile radius of Brown's home in Elk Grove. Defendant did household chores at the home, interacted with the neighbors, fished from the dock and used a paddleboat in the lake near the home. A sex offender living in Elk Grove is required to register with the Elk Grove Police Department.
>
> In June 2007, the SAFE team officers became suspicious of defendant's claimed status as a transient. He appeared too well dressed and well groomed. As part of the registration process, they asked him standard questions about his transient status. Defendant was uncooperative, and his demeanor was evasive and argumentative. Accordingly, they began an investigation. They established surveillance of him after he came in to register in June, July, August, and September. Their surveillance revealed defendant might be living in Elk Grove at Brown's house.
>
> In late September 2007, a search warrant was served at Brown's house. Defendant was in the house alone, wearing a bathrobe. His personal property was found in the house and garage and his car was parked in the garage. Between September 2006 and September 2007, defendant did not register as a sex offender with the Elk Grove Police Department. He was arrested for failing to register as a sex offender.
>
> Defendant denied that he lived at Brown's home. He stated he never stayed there more than a couple of nights a week. Brown had made it clear to him that he could not register as living at her home unless he married her. He admitted spending time in the home as Brown's guest and boyfriend, showering there, eating there and storing important records and clothes there. He also admitted

> caring for her yard and shopping at nearby stores. He did not have a key to the home, did not receive mail there and did not pay bills there. Brown's testimony was consistent with defendant's testimony.
>
> Following his arrest in September, on March 4, 2008, defendant was released from custody. Shortly thereafter, he rented an apartment on Hudson Way. On March 10, 2008, he registered as a sex offender with the appropriate office. The registration form showed his birth date as June 11, 1953.
>
> In late June, it was discovered defendant had failed to file an annual registration form within five days of his birthday. On June 25, 2008, officers went to the apartment on Hudson Way and arrested him.
>
> Defendant claimed he failed to register within five days of his birthday because he was having a mental breakdown and was bedridden. He admitted he had been released from custody on bail at the time he was arrested in June.
>
> Defendant was charged with failure to register as a sex offender within five days of coming into a city or county (Pen.Code, § 290, subd. (g)(2), count 1; undesignated statutory references that follow are to the Penal Code) and failure to register as a sex offender annually within five days of his birthday. (§ 290.018, subd. (b), count 2.) It was further alleged that the failure to register as alleged in count 2 was committed while defendant was released from custody on bail (§ 12022.1, subd. (b)) and that defendant had a prior serious felony conviction. (§§ 667, subds.(b)-(i), 1170.12.)
>
> Following a jury trial, defendant was found guilty as charged and the sentence enhancement allegations were found true. Defendant's request for probation was denied. He was sentenced to an aggregate term of seven years four months in prison. He was granted 655 days' credit for time served consisting of 382 days actual credit, 190 good time credits under section 4019 and 83 days' credit for time served at Napa State Hospital.

*People v. McNeely*, No. C063051, 2010 W L 3919727, ** 1 -2 (Cal.App. 3 Dist. Oct. 7, 2010).

Petitioner appealed his judgment of conviction by filing an opening brief in the California Court of Appeal for the Third Appellate District. Resp't's Lodg. Doc. 5. Therein, he claimed that his trial counsel rendered ineffective assistance in failing to request that the trial court dismiss his prior conviction alleged under California's Three Strikes Law in the interests of justice (*Romero* motion). *Id.* He also claimed that the abstract of judgment should be ordered corrected to reflect the accurate amount of time credits. *Id.* The California Court of Appeal ordered that

/////

1  the abstract of judgment be amended to reflect the correct time credits and affirmed petitioner's
2  judgment of conviction in all other respects. ECF No. 17 at 14-18.
3      Petitioner subsequently filed a petition for review in the California Supreme Court, raising
4  the same claim of ineffective assistance of trial counsel in failing to file a *Romero* motion.
5  Resp't's Lodg. Doc. 8. That petition was summarily denied. Resp't's Lodg. Doc. 9.
6      Petitioner did not file any further state court challenges to his 2009 judgment of
7  conviction.

**II. Standards of Review Applicable to Habeas Corpus Claims**

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. *See Wilson v. Corcoran*, 562 U.S.___, ___, 131 S. Ct. 13, 16 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Park v. California*, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. *Thompson v. Runnels*, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing *Greene v. Fisher*, ___ U.S. ___, 132 S.Ct. 38 (2011); *Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011) (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). Circuit court precedent "may be persuasive in determining

4

what law is clearly established and whether a state court applied that law unreasonably." *Stanley*, 633 F.3d at 859 (quoting *Maxwell v. Roe*, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013) (citing *Parker v. Matthews*, 132 S. Ct. 2148, 2155 (2012) (per curiam)). Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct. *Id.* Further, where courts of appeals have diverged in their treatment of an issue, it cannot be said that there is "clearly established Federal law" governing that issue. *Carey v. Musladin*, 549 U.S. 70, 77 (2006).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. *Price v. Vincent*, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[3] *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Williams*, 529 U.S. at 413; *Chia v. Cambra*, 360 F.3d 997, 1002 (9th Cir. 2004). In this regard, a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 412. *See also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer*, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v.*

---

[3] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." *Stanley*, 633 F.3d at 859 (quoting *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004)).

*Richter*, 562 U.S.___,___,131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*,131 S. Ct. at 786-87.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. *Delgadillo v. Woodford*, 527 F.3d 919, 925 (9th Cir. 2008); *see also Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. *Stanley*, 633 F.3d at 859; *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. *Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Richter*, 131 S. Ct. at 784-85. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." *Id.* at 785 (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. *Johnson v. Williams*, ___ U.S. ___, ___, 133 S.Ct. 1088, 1091 (2013).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine

whether habeas corpus relief is available under § 2254(d). *Stanley*, 633 F.3d at 860; *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." *Himes*, 336 F.3d at 853. Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." *Richter*, 131 S. Ct. at 784.

A summary denial is presumed to be a denial on the merits of the petitioner's claims. *Stancle v. Clay*, 692 F.3d 948, 957 & n. 3 (9th Cir. 2012). While the federal court cannot analyze just what the state court did when it issued a summary denial, the federal court must review the state court record to determine whether there was any "reasonable basis for the state court to deny relief." *Richter*, 131 S. Ct. at 784. This court "must determine what arguments or theories ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 786. The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" *Walker v. Martel*, 709 F.3d 925, 939 (9th Cir. 2013) (quoting *Richter*, 131 S. Ct. at 784).

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. *Stanley*, 633 F.3d at 860; *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006); *Nulph v. Cook*, 333 F.3d 1052, 1056 (9th Cir. 2003).

**III. Analysis of Petitioner's Claims**

In the instant petition, petitioner claims, in essence, that his 2009 conviction for failing to register as a sex offender, based on his 1995 state court conviction for continuous sexual abuse of a child, is contrary to the decision of the Court of Appeals in *McNeely v. Blanas*, 336 F.3d 822 (9th Cir. 2003). ECF No. 1 at 5.[4] In *McNeely*, the Ninth Circuit granted habeas relief under 28 U.S.C. § 2241 and ordered dismissed charges against this same petitioner stemming from 1998

---

[4] Page number citations such as this one are to the page numbers reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

7

1  charges of lewd and lascivious conduct upon a child under the age of 14 and failing to register as
2  a sex offender on the grounds that pretrial delay of more than five years violated petitioner's right
3  to a speedy trial. Petitioner is apparently contending that the decision in *McNeely* prevents the
4  state, under principles of res judicata and collateral estoppel, from ever charging him with failing
5  to register as a sex offender.

6  Respondent argues that petitioner's claims have not been exhausted in state court. ECF
7  No. 17 at 8-11. Generally, a state prisoner must exhaust all available state court remedies either
8  on direct appeal or through collateral proceedings before a federal court may consider granting
9  habeas corpus relief. 28 U.S.C. § 2254(b)(1). A state prisoner satisfies the exhaustion
10 requirement by fairly presenting his claim to the appropriate state courts at all appellate stages
11 afforded under state law. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Casey v. Moore*, 386 F.3d
12 896, 915-16 (9th Cir. 2004). After careful review of the record, it appears that petitioner did not
13 raise the claims contained in the instant petition in state court. However, even assuming arguendo
14 that petitioner's current challenges to his conviction for failing to register as a sex offender were
15 not exhausted in state court, these claims must nonetheless be denied on the merits. *See* 28
16 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits,
17 notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the
18 State").

19 Respondent also argues that because petitioner did not fairly present the instant claims to
20 the California courts, his claims are procedurally barred and may not be addressed in this federal
21 habeas proceeding. When a state prisoner fails to exhaust his federal claims in state court and the
22 state court would now find the claims barred under applicable state rules, the exhaustion
23 requirement is satisfied, but the federal claims are procedurally barred. *Coleman v. Thompson*,
24 501 U.S. 722, 735 n.1 (1991); *Casey*, 386 F.3d at 920. However, a reviewing court need not
25 invariably resolve the question of procedural default prior to ruling on the merits of a claim where
26 the default issue turns on difficult questions of state law. *Lambrix v. Singletary*, 520 U.S. 518,
27 524-25 (1997); *see also Busby v. Dretke*, 359 F.3d 708, 720 (5th Cir. 2004). Under the
28 circumstances presented here, petitioner's claims can be resolved more easily by addressing them

8

on the merits. Accordingly, the court assumes that petitioner's claims are not defaulted and addresses them on their merits.

As set forth above, petitioner claims that his conviction and sentence are somehow precluded by the decision of the Court of Appeals for the Ninth Circuit in *McNeely v. Blanas*, 336 F.3d 822 (9th Cir. 2003). This is not the first time petitioner has pressed the argument. Petitioner unsuccessfully raised this same claim in several habeas petitions filed in this court. In one such habeas petition, the assigned magistrate judge explained the interplay between petitioner's 1995 conviction, upon which petitioner's current charges for failing to register as a sex offender are based, and the charges at issue in *McNeely*, as follows:

> The instant petition should be dismissed because there is no factual basis for petitioner's claims. As noted above, petitioner contends that the state arrested and confined him for failing to register as a sex offender based on his 1995 Placer County conviction. Petitioner asserts that the Ninth Circuit invalidated his 1995 conviction in its 2003 decision in *McNeely v. Blanas*. Petitioner, however, is mistaken.
>
> Before the Ninth Circuit, petitioner had alleged that his continued confinement without a preliminary hearing or trial violated his right to a speedy trial. *See McNeely*, 336 F.3d 822. The facts underlying that case were as follows. On April 13, 1998, petitioner was arrested and charged two days later in the Sacramento County Municipal and Superior Court with lewd and lascivious conduct upon a child under the age of 14 and failing to register as sex offender. *Id*. at 824. In June of 2000, petitioner filed a petition for writ of habeas corpus in this court challenging the delay in his state court criminal proceedings. *Id*. at 824-25. The assigned district judge ultimately dismissed the petition. *Id*. at 826. On appeal from that dismissal, the Ninth Circuit held that a pretrial delay in state court of more than five years violated petitioner's Sixth Amendment right to a speedy trial and ordered his immediate release from custody with prejudice to re-prosecution of the criminal charges then pending against petitioner in state court. *Id*. at 826-32.
>
> In its opinion, the Ninth Circuit did not address, let alone invalidate, petitioner's underlying 1995 Placer County conviction. Nor did the Ninth Circuit suggest in any way that the state was forever barred from prosecuting petitioner for failure to register as a sex offender based on his 1995 Placer County Superior Court conviction. The undersigned notes that the most recent felony complaint filed against petitioner in Sacramento County Superior Court Case No. 07F09282 alleges that he violated state law in 2006 and 2007 by failing to register as a sex offender in violation of California Penal Code § 290. Nowhere does that complaint mention the state's charges brought against petitioner in 1998 that were dismissed by

> the Ninth Circuit in 2003. The charges brought against petitioner with respect to his failure to register in 2006 and 2007 as required by his 1995 conviction in the Placer County Superior Court are new charges, distinct from the 1998 dismissed charges. Accordingly, petitioner's claims set forth in the pending petition are without any factual basis.

*McNeely v. McGinness*, No. CIV S-09-2375 DAD P, 2009 WL 2824730, at **1-2 (E.D. Cal. Sept. 1, 2009).

Petitioner filed a similar application for a writ of habeas corpus in this court in Case No. CIV S-08-0175 LEW JFM. Therein, petitioner also claimed that he should not be required to register as a sex offender in light of the Ninth Circuit's 2003 *McNeely* decision. Petitioner also argued that the state prosecution against him in Sacramento County Superior Court Case No. 07F09282 violated the Double Jeopardy Clause. On March 7, 2008, the assigned magistrate judge issued findings and recommendations, recommending that the action be dismissed. The magistrate judge extensively explained that, in *McNeely*, the Ninth Circuit had addressed the charges brought against petitioner in Sacramento County in 1998. In contrast, in Sacramento County Superior Court Case No. 07F09282, petitioner was being charged with failing to register as a sex offender in 2006 and 2007 as required by his 1995 conviction in the Placer County Superior Court. The magistrate judge rejected petitioner's double jeopardy claim, observing that the charges of failing to register in 2006 and 2007 were new and distinct offenses from both his underlying 1995 conviction and the dismissed 1998 charges. On April 4, 2008, the assigned district judge adopted those findings and recommendations in full and entered judgment. On November 3, 2008, the Ninth Circuit affirmed the decision of the district court dismissing that petition.

Petitioner raised a similar claim in this court in case No. CIV S-09-2520 WBS GGH P. That case was ultimately dismissed on petitioner's request for a voluntary dismissal.

Petitioner has never demonstrated that his 1995 conviction for continuous sexual abuse of a child has been invalidated, by the Ninth Circuit in *McNeely*, or at any other time. The charges brought against petitioner in the instant case do not mention the state's charges brought against petitioner in 1998 that were dismissed by the Ninth Circuit in 2003 in *McNeely*. (Clerk's

1 Transcript on Appeal (CT) at 120-21.)  Thus, as petitioner has been advised on several occasions,
2 the decision in *McNeely* has no bearing on petitioner's current conviction for failing to register as
3 a sex offender, which is based on his 1995 conviction and not on his 1998 arrest.  Further, each
4 time petitioner fails to register as a sex offender based on that 1995 conviction, he may be
5 charged in a new criminal case without violating the Double Jeopardy Clause.  As petitioner was
6 advised in Case No. CIV S-08-0175 LEW JFM, "a convicted sex offender's duty to register is a
7 continuing one and thus the failure to comply constitutes a continuous crime."  Case No. CIV S-
8 08-0175 LEW JFM, at 4.  In short, until petitioner's 1995 conviction is invalidated, petitioner
9 must continue to register as a sex offender or face new criminal charges.  Petitioner's claim that
10 the Ninth Circuit decision in *McNeely v. Blanas* invalidates his current conviction for failing to
11 register as a sex offender, and his claim that his conviction for failing to register in 2007 and 2008
12 violates the Double Jeopardy Clause, each lack a legal and factual basis.  Accordingly, they must
13 be denied.

**IV. Petitioner's February 18, 2014 Request (ECF No. 37)**

15       On February 18, 2014 petitioner requested "an order compelling Respondent Chappell to
16 immediately return to petitioner all records of this case and . . . or in the alternative appointment
17 of counsel."  ECF No. 37.  It is not clear from his filing which documents respondent allegedly
18 "seized," why petitioner needs them at this time, and on what authority any such order must issue.
19 Moreover, there currently exists no absolute right to appointment of counsel in habeas
20 proceedings.  *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996).  The court may appoint
21 counsel at any stage of the proceedings "if the interests of justice so require."  *See* 18 U.S.C.
22 § 3006A; *see also*, Rule 8(c), Rules Governing § 2254 Cases.  The court does not find that the
23 interests of justice would be served by the appointment of counsel.  Accordingly, petitioner's
24 motion is denied.

**V.    Conclusion**

26       Accordingly, IT IS HEREBY ORDERED that:
27       1. Petitioner's application for a writ of habeas corpus is denied;
28       2. All outstanding motions are denied;

11

1    3.  The court declines to issue the certificate of appealability referenced in 28 U.S.C.
2 § 2253; and
3    4.  The Clerk of the Court is directed to close this case.
4 DATED: September 4, 2014.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE